**BRRAM, INC., a corporation organized under the laws of the Commonwealth of Pennsylvania; Ms. Holly Bussey; Mr. William Lynch; Mr. Richard Delello; Ms. Julie Power; Mr. John Giacobetti; Mrs. Jennifer Giacobetti; Ms. Deborah Leamann; Ms. Caroline Bondi; Ms. Delores Brienza; Mr. Richard Wayne, Appellants**

constitute binding precedent.

v.

UNITED STATES FEDERAL AVIA-
TION ADMINISTRATION (FAA);
Mercer County Board of Chosen Free-
holders; Frontier Airlines, Inc.

No. 15–2393

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit LAR
34.1(a) on September 22, 2016

(Opinion filed: November 9, 2016)

R. William Potter, Esq., Potter & Dick-
son, Princeton, NJ, for Plaintiff–Appellant.

J. Andrew Ruymann, Esq., Office of
United States Attorney, Trenton, NJ, for
Defendant–Appellee.

John E. Flaherty, Esq., Ravin Patel,
Esq., McCarter & English, Newark, NJ,
for Defendant–Non–Participating.

Before: MCKEE, Chief Judge *,
HARDIMAN, and RENDELL, Circuit
Judges

OPINION **

RENDELL, Circuit Judge:

In this appeal, BRRAM argues that the
District Court erred by ruling that the
FAA's September 25, 2012 order (which
amended Frontier Airlines' Operation
Specifications and authorized Frontier to
provide commercial passenger service in
and out of Trenton–Mercer Airport) was
properly appealable only to the Court of

Appeals, and not to the District Court. The
District Court's dismissal of BRRAM's
complaint is before us, as is the District
Court's denial of BRRAM's motion to
amend "to clarify that plaintiffs were not
contesting the validity of the Ops Specs
amendment itself, but the failure and re-
fusal of the FAA to perform any environ-
mental or safety analysis pursuant to
NEPA of the effects of Frontier Airlines['']
expansion of flights...." Reply Br. at 14.

As the parties are familiar with the facts
and the procedural posture to date, we
need not recount them. Title 49 U.S.C.
§ 46110(a) provides in part:

[A] person disclosing a substantial inter-
est in an order issued by the ... Admin-
istrator of the Federal Aviation Admin-
istration with respect to aviation duties
and powers designated to be carried out
by the Administrator ... may apply for
review of the order by filing a petition
for review in the United States Court of
Appeals for the District of Columbia
Circuit or in the court of appeals of the
United States for the circuit in which
the person resides or has its principal
place of business.

49 U.S.C. § 46110(a). Under subsection (c),
the jurisdiction of the Courts of Appeals is
"exclusive." *Id.* at § 46110(c). The District
Court reviewed the FAA's September 25,
2012 approval of Frontier's Operation
Specifications amendment and its May 28,
2013 reply letter to Mr. Potter, as well as
the attributes of final "orders" under the
case law, and concluded that "the facts
show that a final decision occurred over
this longer period of time." JA15. We will
not disturb its conclusion in that regard. It
follows, therefore, that the District Court
correctly ruled that it lacked jurisdiction

---

\* Judge McKee was Chief Judge at the time this
appeal was submitted. Judge McKee complet-
ed his term as Chief Judge on September 30,
2016

\*\* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

over the order based on the jurisdictional provision set forth above.

We note, however, that even if we were to disagree with the District Court's conclusion that there was final FAA action, we would nonetheless be left wondering how the District Court would have jurisdiction over BRRAM's "clarif[ied]" claim, namely that the FAA failed to take action under NEPA. As the FAA noted in its brief, NEPA does not provide a cause of action to review federal agency decisions. *See City of Alexandria v. Helms*, 728 F.2d 643, 646 (4th Cir. 1984) ("[W]hen review of an agency order is at issue and when Congress has vested exclusive jurisdiction over that review in the Courts of Appeals, NEPA does not provide independent grounds for district court jurisdiction." (footnote omitted)). Any District Court review under the Administrative Procedure Act would similarly require final agency action. *See* 5 U.S.C. § 704; *Tinicum Twp., Pa. v. U.S. Dep't of Transp.*, 685 F.3d 288, 294 (3d Cir. 2012). Thus, a claim for inaction asserted by BRRAM would fare no better as a basis for District Court jurisdiction. Therefore, we find that the District Court did not err in refusing to permit BRRAM to amend its complaint.

For the foregoing reasons, we will affirm the District Court.[1]

---

1. We also decline BRRAM's invitation to convert this appeal into a petition for review because, having been filed eleven months after receiving the FAA's letter, it was untimely.